IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN REKOSKE, individually and on
behalf of others similarly situated,

       Plaintiff,                                 Case No. 4:24-cv-00029

v.                                                  Hon. Audrey G. Fleissig

NAVVIS & COMPANY, LLC d/b/a
Navvis,
       Defendant.

## JOINT PROPOSED SCHEDULING PLAN

Pursuant to the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Missouri, and this Court's Order of February 12, 2024 (Dkt. No. 22), Plaintiffs Brian Rekoske, Melanie Burns, Maxwell Klassen, Richard Lilly, Patricia McCrearey, Julia Montiel ("Plaintiffs") and Defendant Navvis & Company, LLC d/b/a Navvis ("Defendant") (collectively the "Parties") submit this Joint Proposed Scheduling Plan in advance of the Rule 16 Conference scheduled for March 12, 2024 at 1:30 p.m.

Defendant anticipates filing a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing *inter alia* that Plaintiffs lack standing to bring this lawsuit against Defendant under Article III of the Constitution and that Plaintiffs have failed to state a claim against Defendant on each of their causes of action.[1]  The due date for Defendants' Motion to

---

[1] Plaintiffs' consolidated complaint is due 30 days from entry of the Court's order consolidating the cases. (Dkt No. 17).  The Court entered the order to consolidate on February 9, 2024.  (Dkt No. 21).  The due date for Plaintiffs' consolidated complaint is no later than March 11, 2024.  To date, the consolidated complaint has not yet been filed. Defendant's position with regard to the anticipated motion to dismiss is, therefore, based upon Defendant's analysis of the facts and claims set out in the complaints filed by Plaintiffs in the Eastern District of Missouri in the following case numbers (prior to consolidation): 4:24-CV-00029 (Rekoske, B), 4:24-CV-00035 (Klassen, M), 4:24-CV-0039 (Burns, M), 4:24-CV-00040 (Monteil, J),. 4:24-CV-00041 (McCreary, P), 4:24-CV-00063 (Lilly, R).

Dismiss, presuming Plaintiffs file their consolidated complaint on March 11, will be April 25, 2024.  Briefing on Defendant's Motion to Dismiss will be completed by June 24, 2024.

    **I.**    <u>Attorneys of Record</u>:

| For Plaintiffs: | For Defendant: |
|---|---|
| Coordinating Counsel (Dkt. No. 22):<br><br>Bryan L. Bleichner<br>CHESTNUT CAMBRONNE PA<br>100 Washington Avenue South<br>Suite 1700<br>Minneapolis, MN 55401<br>612-339-7300<br>612-336-2940 (fax)<br>bbleichner@chestnutcambronne.com<br><br>Joseph M. Lyon<br>THE LYON FIRM<br>2754 Erie Avenue<br>Cincinnati, OH 45208<br>513-766-9052<br>jlyon@thelyonfirm.com<br><br>William Bernard Federman<br>FEDERMAN AND SHERWOOD<br>10205 N. Pennsylvania Avenue<br>Oklahoma City, OK 73120<br>405-235-1560<br>405-239-2112 (fax)<br>wbf@federmanlaw.com<br><br>Counsel for Named Plaintiffs:<br><br>Bryan L. Bleichner<br>Philip Joseph Krzeski<br>CHESTNUT CAMBRONNE PA<br>100 Washington Avenue South<br>Suite 1700<br>Minneapolis, MN 55401<br>612-339-7300<br>612-336-2940 (fax)<br>bbleichner@chestnutcambronne.com<br>pkrzeski@chesnutcambronne.com<br>*Representing Brian Rekoske*<br><br><br>Spencer Davis Campbell<br>MARKOVITS STOCK LLC | Christopher M. Hohn<br>Amanda J. Hettinger<br>David M. Mangian<br>THOMPSON COBURN LLP - St. Louis<br>One US Bank Plaza<br>Suite 2700<br>St. Louis, MO 63101<br>314-552-6159<br>314-552-7000 (fax)<br>chohn@thompsoncoburn.com<br>ahettinger@thompsoncoburn.com<br>dmangian@thompsoncoburn.com |

119 E. Court Street
Suite 530
Cincinnati, OH 45202
513-665-0207
513-665-0219 (fax)
*scampbell@msdlegal.com*
*Representing Patricia McCreary*

Joseph M. Lyon
Kevin M. Cox
THE LYON FIRM
2754 Erie Avenue
Cincinnati, OH 45208
513-766-9052
*jlyon@thelyonfirm.com*
*kcox@thelyonfirm.com*
*Representing Maxwell Klaussen*

William Bernard Federman
FEDERMAN AND SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
405-235-1560
405-239-2112 (fax)
*wbf@federmanlaw.com*
*Representing Melanie Burns*

Laura Grace Van Note
COLE AND VAN NOTE
555 12th Street
Suite 2100
Oakland, CA 94607
510-891-9800
*lvn@colevannote.com*
*Representing Richard Lilly*

Tiffany M. Yiatras
CONSUMER PROTECTION LEGAL
308 Hutchinson Road
Ellisville, MO 63011
314-541-0317
855-710-7706 (fax)
*tiffany@consumerprotectionlegal.com*
*Representing Brian Rekoske, Patricia McCreary, Julie Montiel, Melanie Burns and Maxwell Klassen*

**II.** Status of Case and Discovery**:**

Plaintiffs' consolidated complaint shall be filed no later than March 11, 2024. Assuming that Plaintiffs file their consolidated complaint on March 11, 2024, Defendant has until April 25, 2024 to file a responsive pleading and anticipates filing a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). Briefing on Defendant's Motion to Dismiss will conclude on or about June 24, 2024.

No discovery has been conducted to date.

**III.** Discovery Issues and Proposed Discovery Schedule:

The parties were unable to agree on how and when discovery should proceed, the subjects of discovery, or a schedule for the case. As a result, and in accordance with the Court's Order, the parties' differing positions on these issues are laid out separately below.

    **a. Subjects of Discovery.**

**Plaintiffs' Position:** On or around July 15, 2023, Defendant Navvis & Company ("Navvis" or "Defendant") detected unauthorized activity within its system (the "Data Breach"). Following a forensic investigation, Navvis confirmed that an unauthorized third party had access to its systems between July 12, 2023 and July 25, 2023 and exfiltrated individuals' private and sensitive information, including, but not limited, to names, dates of birth, health plan information, medical treatment information, medical record numbers, patient account numbers, case identification numbers, provider and doctor information, and health record information ("Private Information"). Plaintiffs and Class Members are individuals impacted by the Data Breach. Upon information and belief, the Data Breach impacted in excess of 400,000 individuals.

Plaintiffs will allege in the forthcoming Consolidated Amended Class Action Complaint that Defendant failed to reasonably secure and safeguard Plaintiffs' and Class Members' Private

Information. Plaintiffs also allege the Data Breach occurred because Defendant's data security was unreasonably inadequate and that they suffered a variety of injuries, from spending hours mitigating the risk of the data breach to incurring actual fraud. Plaintiffs intend to investigate and pursue the following causes of action against Defendant: (1) Negligence; (2) Negligence Per Se; (3) Unjust Enrichment; (4) Breach of Implied Contract; and (5) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 Ill. Comp. Stat. §§ 505/1, *et seq.*).

**Defendant's Position**: Defendant contends that in the event that its Motion to Dismiss is denied discovery is needed on the following issues in Phase I: (a) the proposed class(es), and facts necessary to assess the propriety of class certification; (b) the facts underlying named Plaintiffs' claims against Defendant; (c) the nature and scope of named Plaintiffs' alleged injuries; (d) the nature and scope of named Plaintiffs' alleged damages; and (e) expert discovery related to named Plaintiffs' alleged injuries, alleged damages, and the proposed class(es).  In the event a class is certified, discovery during Phase II would be needed on (b)-(e) above, but on a class-wide basis.

  b. **Status of Parties' Settlement Conference.**

The Parties have not held a settlement conference at this time.

  c. **Alternative Dispute Resolution.**

The Parties believe that alternative dispute resolution is appropriate and may be helpful in this case, and are open to the possibility of an early referral to mediation during the pendency of dispositive motions.

  d. **Anticipated Filing of Related Actions.**

As of the date of this Proposed Joint Scheduling Order, related actions have been filed in the following courts: the 22nd Judicial Circuit Court in the City of St. Louis, Missouri; the United States District Court for the Middle District of Florida and the United States District Court for the

Southern District of Illinois.  The Parties anticipate additional related actions may be filed in this jurisdiction and/or other jurisdictions.

      **e.  Anticipated Referral to the Judicial Panel on Multidistrict Litigation (MDL)**

The parties do not feel an MDL referral is needed at this time. Defendant is filing motions to transfer the related actions currently pending in the Southern District of Illinois and Middle District of Florida pursuant to 28 U.S.C. § 1404.  Defendant has filed a notice of removal of the related action pending in the City of St. Louis and will be moving to consolidate that action with this case.

      **f.  Discovery of Electronically Stored Information.**

The Parties have agreed to work together at the appropriate time to enter an order governing electronic discovery and, in the process, discuss any issues specific to Defendant's storage and retrieval of electronic information. The Parties will jointly prepare and submit a proposed Stipulated Electronic Discovery Order.

The parties agree that the production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The Parties agree that nothing contained herein is intended to or shall serve to limit any party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production to the other party.

The Parties agree that if any party asserts after the production of any documents that such documents were inadvertently produced, and are subject to a claim of attorney-client privilege or work product protection, the opposing party shall promptly return or destroy the documents at issue until such a claim is resolved.

    **g.  Confidential/Privileged Material.**

The Parties have agreed to work together to enter an order related to the production of confidential material. The Parties will jointly prepare and submit a proposed Stipulated Order Governing the Protection and Exchange of Confidential Material.

    **h.  Agreement on Service by E-mail.**

The Parties agree to electronic service by e-mail to the counsel for each party.

    **i.  Plaintiff's Proposed Discovery Schedule:**

(1)    The parties must make their initial disclosures under Rule 26(a)(1) on or before March 25, 2024.  Any documents to be produced with initial disclosures shall be produced simultaneously.

(2)    Fact discovery procedures shall be commenced in time to be completed on or before April 18, 2025.

(3)    Plaintiffs **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

(4)    Plaintiffs propose that the Court limit the use and numbers of discovery procedures as follows:

    a) No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    b) No more than 100 document requests shall be served by each side. The parties understand that objections to document requests must meeting the requirements of Rule 34(b)(2)(B).

    c) No more than 40 requests for admission shall be served by each side.

(5)    No more than 10 depositions, excluding expert witness depositions, shall be

    taken by either side.

(6)   Plaintiffs propose the following additional agreements concerning the taking of depositions[2]:

    The parties will meet and confer to determine mutually agreeable times/dates for each deposition and comply with all requirements in Rule 30.

    Prior to serving a Rule 30(b)(6) notice of deposition of Defendant, Plaintiffs will serve a draft notice and, if necessary, set a meet and confer to address any potential forthcoming objections prior to the deposition.

## **EXPERT DISCOVERY**

The parties anticipate they **will** require expert witnesses at trial. Plaintiffs propose that the Court establish the following plan for expert discovery:

(1) Plaintiff anticipates calling up to 4 experts in the fields of: data security, risk of harm, and damages. Plaintiffs reserve the right to supplement this list. Defendant anticipates calling up to ___ experts. Each side may take one deposition per expert.

(2) Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by Plaintiff on or before: June 13, 2025.

       Disclosures by Plaintiff on or before: August 8, 2025.

    b) Identities by Defendant on or before: June 13, 2025.

       Disclosures by Defendant on or before: August 2, 2025.

    c) Rebuttal identities and disclosures on or before: October 17, 2025.

(3) Expert discovery, including depositions, shall be completed by January 16, 2026.

## **CLASS CERTIFICATION**

---

[2] In the event the Court determines discovery should proceed, Defendants would agree with these proposals with regard to depositions.

(1) Plaintiff shall file his motion for class certification on or before: April 4, 2025.

(2) Defendant shall file papers in opposition on or before:  May 9, 2025.

(3) Plaintiff's Reply shall be filed on or before: June 6, 2025.

## NON-DISPOSITIVE MOTION DEADLINES

(1) All motions that seek to amend the pleadings or to add parties must be filed and served on or before June 7, 2024.

(2) All non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before May 16, 2025.

(3) All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before February 20, 2026.

## DISPOSITIVE MOTION DEADLINES

Plaintiffs believe that expert discovery must be completed before dispositive motion are filed. Plaintiffs recommend that all dispositive motions be filed and served (and heard, depending on District Judge Assigned) on or before April 10, 2025.

### j. Defendant's Proposed Discovery Schedule for Phase I Should Defendant's Motion to Dismiss be denied:

Because Defendant's Motion to Dismiss attacks this Court's subject matter jurisdiction, the parties believe good cause exists for the Court to defer entering a Rule 16(b) Scheduling Order, and that any further proceedings, including discovery, should be deferred pending resolution of Defendant's Motion to Dismiss.  *See, e.g., Marshall v. Mausser*, 2014 WL 4774377, at *3 (S.D. Ohio Sept. 24, 2014) (deferring discovery pending resolution of the defendants' motion to dismiss for lack of standing); *Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 2010 WL 3155508, at *1-2 (D. Colo. Aug. 9, 2010) (same).

In comparable, complex data breach cases pending in the Eastern District, this Court has deferred the entry of a Rule 16(b) Scheduling Order and further proceedings, including discovery, pending the outcome of the court's determination of similar dispositive motions.  *See e.g.* Case

Management Order, 04/15/2016, Case 4:15-CV-01537, *Andrew Duqum et al. v. Scottrade, Inc.* (Staying discovery pending the Court's ruling on Defendant's Motion to Dismiss the Consolidated Class Action Complaint); Order, 07/01/2016, Case: 4:15-md-02669, *In re Ashely Madison Customer Security Data Breach* (Designating phase 1 of discovery limited to issues relating to Defendants' motion to stay and compel arbitration only).

If and when the Court enters a Rule 16(b) Scheduling Order and the case proceeds with discovery and other pretrial proceedings, the parties propose that discovery be completed in two phases.  In the first phase, discovery will proceed only as to the named plaintiffs and as to the maintenance of the class action generally pursuant to the schedule set forth below ("Phase I").  If a class is certified (which Defendant denies would be appropriate), discovery will proceed as to the merits of the class-wide claims, including expert discovery on the merits of the class-wide claims ("Phase II").

Defendant proposes the following timeline for completion of Phase I of discovery that would begin in the event that Defendant's Motion to Dismiss be denied:

1.The parties shall voluntarily make all disclosures and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1) within 30 days from the Court's ruling on Defendant's Motion to Dismiss;

2.The presumptive limit of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and the presumptive limit of twenty-five (25) interrogatories per side as set forth in Fed. R. Civ. P. 33(a) shall apply.

3.All motions for amendment of pleadings shall be filed within 120 days from the Court's ruling on Defendant's Motion to Dismiss.

4. The Parties do not anticipate that physical or mental examinations under Fed. R. Civ. P. 35 will be requested.

5. The Parties shall complete all Phase I discovery <u>within 300 days from the Court's ruling on Defendant's Motion to Dismiss</u>;

6. **Class Certification Experts**. Plaintiffs shall disclose their expert witnesses and produce their reports <u>within 210 days from the Court's ruling on Defendant's Motion to Dismiss</u>, and make its expert(s) available for deposition <u>within 240 days from the Court's ruling on Defendant's Motion to Dismiss</u>. Defendant shall disclose its expert witnesses and produce their reports <u>within 270 days from the Court's ruling on Defendant's Motion to Dismiss</u>, and make its expert(s) available for deposition <u>within 300 days from the Court's ruling on Defendant's Motion to Dismiss</u>.

7. **Motion for Class Certification.** Plaintiffs' motion for class certification, shall be filed and served <u>within 315 days from the Court's ruling on Defendant's Motion to Dismiss</u>. Defendant's opposition to Plaintiffs' motion for class certification shall be filed and served <u>within 360 days from the Court's ruling on Defendant's Motion to Dismiss</u>. Plaintiffs' reply in support of their motion for class certification, together with any rebuttal expert reports, shall be filed and served <u>within 390 days from the Court's ruling on Defendant's Motion to Dismiss</u>. If Plaintiffs file their motion for class certification earlier than the date specified herein, then Defendant shall have forty-five (45) days thereafter to file its memoranda in opposition. Plaintiffs shall file any reply memorandum in further support of their motion for class certification within thirty (30) days after the filing of Defendants' memoranda in opposition.

8. **Dispositive Motions**. Any motions for summary judgment or other dispositive motions or motions to exclude testimony pursuant to *Daubert/Kuhmo Tire* may be filed in the

initial phase of this case prior to the Court's ruling on Plaintiffs' motion for class certification. If the Court grants Plaintiffs' motion for class certification in whole or in part, an additional dispositive motion deadline shall be proposed in a subsequent schedule.

9. If the Court grants Plaintiffs' motion for class certification in whole or in part, the Parties will submit a new joint proposed scheduling plan for Phase II discovery.

### IV. Trial

The earliest date by which this case should reasonably be expected to be ready for trial is following the Court's ruling on the Plaintiffs' motion for class certification. If the Court grants Plaintiffs' motion for class certification, the estimated length of time expected to try the case to verdict is 12-16 court days. If the Court denies the motion for class certification, the estimated length of time expected to try the case to verdict is 4-5 court days.

WHEREFORE, the Parties respectfully request that the Court enter an order adopting their Joint Proposed Scheduling Plan, and for any other and further relief that the Court deems just and proper.

Dated: March 4, 2024                                      Respectfully submitted,

| | |
|---|---|
| /s/ *Tiffany Yiatras* | /s/ *David Mangian (with consent)* |
| Tiffany M. Yiatras | Christopher M. Hohn #44124 |
| CONSUMER PROTECTION LEGAL | Amanda J. Hettinger #55038 |
| 308 Hutchinson Road | David M. Mangian |
| Ellisville, MO 63011 | THOMPSON COBURN LLP – St. Louis |
| 314-541-0317 | One U.S. Bank Plaza, Ste. 2700 |
| 855-710-7706 (fax) | St. Louis, MO 63101 |
| tiffany@consumerprotectionlegal.com | 314-552-6159 |
| | 314-552-7000(fax) |
| Bryan L. Bleichner | chohn@thompsoncoburn.com |
| CHESTNUT CAMBRONNE PA | ahettinger@thompsoncoburn.com |
| 100 Washington Avenue South | damangian@thompsoncoburn.com |
| Suite 1700 | |
| Minneapolis, MN 55401 | |
| 612-339-7300 | |

- 14 -

612-336-2940 (fax)
bbleichner@chestnutcambronne.com

Joseph M. Lyon
THE LYON FIRM
2754 Erie Avenue
Cincinnati, OH 45208
513-766-9052
jlyon@thelyonfirm.com

William Bernard Federman
FEDERMAN AND SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
405-235-1560
405-239-2112 (fax)
wbf@federmanlaw.com

*Coordinating Counsel for Plaintiffs*

St. Louis, MO 63101
314-552-6159
314-552-7000  (fax)
chohn@thompsoncoburn.com
ahettinger@thompsoncoburn.com
dmangian@thompsoncoburn.com

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Joint Proposed Scheduling Plan** was filed this 4th March 2024, via the electronic filing system of the Eastern District of Missouri, which will automatically serve all counsel of record in this action.

*/s/ Tiffany Yiatras*
Tiffany Yiatras